[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage brought to the Waterbury Superior Court.
The parties were married at Southbury, Connecticut on September 28, 1985.
The court has the requisite jurisdiction to proceed to judgment in this matter.
Having heard the evidence and testimony offered at trial and having considered the provisions of Sections 46b-81 and 46b-82, Conn. General Statutes, the court enters the following findings and orders.
The marriage of the parties has broken down irretrievably without prospect of reconciliation.
The parties have no minor children issue of this marriage.
The majority of the evidence and testimony offered at trial concerned distribution of the proceeds from the sale of the marital residence and the plaintiff-husband's 401(k) pension. Health insurance for the defendant-wife was also contested.
The plaintiff offered into evidence a Separation Agreement of the parties dated November 15, 1995 (Plaintiff's Ex. 1). He maintained that it was an agreement which the court should use in determining the property rights of the parties.
The defendant offered evidence that she was "compelled" by CT Page 4741 the plaintiff to enter into that agreement. She prayed that the court distribute those assets differently. Specifically, she requested that the court order the plaintiff to reimburse her for one (1/2) half the amount of money she had to pay for capital gains taxes and for a second mortgage she had paid to clear title to the property to permit its sale.
The defendant has failed to establish by a fair preponderance of the evidence that she was compelled to execute the aforementioned agreement (Plaintiff's Ex. 1) or that she was under acting under any duress when she entered into that contract.
The evidence did establish that the defendant-wife had owned the real property prior to the marriage and that after the marriage the plaintiff resided there. He expended the certain amounts of his own savings on alterations and additions to the house. The additions included a shop/garage ($2,000.00) and an extensive "L" shaped deck ($2,500.00). He also upgraded the electrical service to the house and installed a central vacuum system.
He testified that most of the out of pocket expense was for building materials and that he did much of the labor and construction himself.
After they entered into their written agreement of November 15, 1995, the plaintiff remained in the house, until the end of November or early December 1995. The house was sold on December 15, 1995. The plaintiff was not present at the closing and he had no knowledge of nor any participation in the sale of the house.
Under the terms of their agreement, in addition to the usual payoffs of mortgage, broker's fee and "usual and necessary closing costs," the wife was to receive $60,000.00 from the gross proceeds and then the net proceeds were to be shared equally between the parties. It was specifically agreed that the wife would then "pay the second mortgage [to Cecilia M. Gendall] out of her portion of the net proceeds from the sale."
The defendant divided the proceeds of sale as follows: approximately $71,263.77 to the plaintiff and approximately $132,067.67 to the defendant (Plaintiff's Ex. 2).
Their agreement further provided that the plaintiff would pay to the defendant $16,000.00 of his present interest in his CT Page 4742 401(k) plan. At the time of the closing, the defendant retained an additional $16,000.00 of the plaintiff's net proceeds and gave to him the remaining portion of his distributive share amounting to $55,263.77 (Plaintiff's Ex. 2).
By her testimony and her written Settlement Proposal, the defendant has petitioned this court to require the plaintiff to pay to her one-half of the total cost of the second mortgage and the capital gains taxes which she has paid.
ORDERS
Having heard the evidence and testimony, the court finds that the parties' agreement of November 15, 1995 was fair and equitable and that the division of the marital assets and liabilities as proposed in that agreement should be and is the order of this court, notwithstanding the defendant's claim that the agreement should not be binding on the parties.
The evidence also permits a finding that the defendant made no reasonable efforts to mitigate or reduce the anticipated capital gains tax on her real property and that there was no agreement by the plaintiff either in writing or otherwise to assume any responsibility for that obligation.
Further, it is found that there was an express agreement by the parties that the defendant alone would be responsible for the repayment of the second mortgage.
For those reasons, the defendants prayer that the plaintiff be ordered to reimburse her for one half of those obligations is denied.
It is further ordered, pursuant to Paragraph 16B) of that written agreement, that the plaintiff maintain the wife on whatever medical, hospital and major medical insurance is available to him through his employment for a period of one (1) year from the date of this judgment and, thereafter, to cooperate to the extent necessary to allow the wife to maintain such insurance under federal law (COBRA) for as long as she is permitted to do so at her own expense.
Further, the marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried.
By the Court, CT Page 4743 Joseph W. Doherty, Judge